J-S68010-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WILLIAM LOWERY | : | |
| | : | |
| Appellant | : | No. 1848 WDA 2017 |

Appeal from the Judgment of Sentence November 9, 2017
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0002846-2017

BEFORE:   SHOGAN, J., DUBOW, J., and STEVENS*, P.J.E.

MEMORANDUM BY SHOGAN, J.:                              **FILED JANUARY 24, 2019**

Appellant, William Lowery, appeals from the judgment of sentence entered in the Court of Common Pleas of Allegheny County on November 9, 2017.  We affirm.

The trial court summarized the procedural history of this case as follows:

> On August 17, 2017, a jury convicted Appellant, William Lowery, of three counts of Aggravated indecent Assault of a Child, one count of Criminal Solicitation —Involuntary Deviate Sexual Intercourse (IDSI) with a Child, three counts of Endangering the Welfare of a Child (EWOC), three counts of Corruption of Minors, [three[1]] counts each of Indecent Assault:  Person Less than 13

---

[1]  The trial court opinion references six counts of indecent assault – person less than 13 years of age.  Trial Court Opinion, 2/14/18, at 2.  The Sentencing Order, however, states that for the "offense disposition" of counts 14, 15, and 16, each of which were for indecent assault – person less than 13 years of age, that the "charge changed."  Sentencing Order, 11/7/17, at 2.  Thus, there

---

*   Former Justice specially assigned to the Superior Court.

years of age, and an additional three counts of Indecent Assault: Person Less than 13 years of age (course of conduct).[2] Appellant was sentenced on November 7, 2017 in the aggregate to 14.5 to 29 years of incarceration with five years of consecutive probation. This Court denied Post Sentence Motions on November 9, 2017 and Appellant filed a Notice of Appeal on December 7, 2017. Appellant filed a Statement of Errors Complained of on Appeal on January 22, 2018.

Trial Court Opinion, 2/14/18, at 2 (footnote omitted).

Appellant presents the following issue for our review: "Did the trial court err when it denied Appellant's Motion for Judgment of Acquittal where the Commonwealth failed to present sufficient evidence to prove beyond a reasonable doubt that Appellant sexually assaulted any of the victims in this matter?" Appellant's Brief at 4. As such, Appellant purports to challenge the sufficiency of the evidence supporting his convictions.

The standard for evaluating sufficiency claims is as follows:

The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder['s]. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be

_____

were only three counts of indecent assault of person less than 13 years of age. Remaining counts 17, 18, and 19 indicate convictions for indecent assault of person less than 13 years of age – course of conduct. *Id.*

2  18 Pa.C.S. §§ 3125(b), 902(a), 4304(a), 6301(a)(1), and 3126(a)(7), respectively.

drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered.

***Commonwealth v. Estepp***, 17 A.3d 939, 943-944 (Pa. Super. 2011).

A person is guilty of aggravated indecent assault of a child if he "engages in penetration, however slight, of the genitals or anus of a complainant with a part of the person's body for any purpose other than good faith medical, hygienic or law enforcement procedures...without the complainant's consent...and the complainant is less than 13 years of age." 18 Pa.C.S. § 3125 (a)(1) and (b). A defendant is guilty of criminal solicitation to commit a crime "if with the intent of promoting or facilitating its commission he commands, encourages or requests another person to engage in specific conduct which would constitute such crime or an attempt to commit such crime or which would establish his complicity in its commission or attempted commission." 18 Pa.C.S. § 902(a). "Involuntary deviate sexual intercourse with a child" is defined as follows: "A person commits involuntary deviate sexual intercourse with a child, a felony of the first degree, when the person engages in deviate sexual intercourse with a complainant who is less than 13 years of age." 18 Pa.C.S. § 3123(b). Involuntary deviate sexual intercourse "occurs when the actor, by physical compulsion or threats thereof, coerces the victim to engage in acts of anal and/or oral intercourse." ***Commonwealth v. Zingarelli***, 839 A.2d 1064, 1069 (Pa. Super. 2003).

Pursuant to 18 Pa.C.S. § 4304(a)(1), a parent, guardian or other person supervising the welfare of a child under 18 years of age, commits the offense of EWOC "if he knowingly endangers the welfare of the child by violating a duty of care, protection or support."  A person is guilty of the offense of corruption of minors when he engages in any act that "corrupts or tends to corrupt the morals of any minor less than 18 years of age...." 18 Pa.C.S. § 6301(a)(1).  A person is guilty of indecent assault of a person less than thirteen years of age if he "has indecent contact with the complainant [or] causes the complainant to have indecent contact with [him]" if "the complainant is less than 13 years of age."  18 Pa.C.S. § 3126(a)(7).  "Indecent contact" is defined as "[a]ny touching of the sexual or other intimate parts of the person for the purpose of arousing or gratifying sexual desire, in either person."  18 Pa.C.S. § 3101.  When there has been "a course of conduct of indecent assault by the person" the offense is graded as a felony of the third degree.  18 Pa.C.S. § 3126(b)(3)(ii).

Before considering the merits of Appellant's claim on appeal, we consider whether he has preserved it.  Upon review, we determine that, for multiple reasons, Appellant has waived his sufficiency challenge.

First, Appellant failed to preserve this claim in his Pa.R.A.P. 1925(b) statement. Appellant included the following allegation in his statement:[3]

> The trial court erred when it denied [Appellant's] Motion for Judgement [sic] of Acquittal where the Commonwealth failed to present evidence sufficient to prove beyond a reasonable doubt that [Appellant] sexually assaulted any of the victims in this matter;

Pa.R.A.P. 1925(b) Statement, 1/22/18, at 1. As noted, Appellant was convicted of numerous counts, all of which related to claims of sexual assault and involved three different victims. As outlined above, each offense consists of multiple elements. Here, Appellant failed to identify the conviction(s) or the specific element(s) of the offense(s) he was challenging as not established by sufficient evidence. Instead, he made a vague, bald assertion regarding his challenge to the sufficiency of the evidence.

Our Supreme Court has held that "[a]ny issues not raised in a [Rule] 1925(b) statement will be deemed waived." **Commonwealth v. Hill**, 16 A.3d 484, 494 (Pa. 2011) (quoting **Commonwealth v. Lord**, 719 A.2d 306, 309 (Pa. 1998)). An appellant's Rule 1925(b) Statement "shall concisely identify each ruling or error that the appellant intends to challenge with sufficient detail to identify all pertinent issues for the judge." Pa.R.A.P. 1925(b)(4)(ii). A Rule 1925(b) statement "which is too vague to allow the court to identify

---

[3] The second claim of error raised in Appellant's Pa.R.A.P. 1925(b) statement challenged his sentence. Appellant has not pursued the sentencing issue on appeal.

the issues raised on appeal is the functional equivalent of no [Rule 1925(b)] Statement at all" and will result in waiver. **Commonwealth v. Dowling**, 778 A.2d 683, 686–687 (Pa. Super. 2001).

When an appellant challenges the sufficiency of the evidence, this Court has made clear our requirement that "an appellant's Rule 1925(b) statement must state with specificity the element or elements upon which the appellant alleges that the evidence was insufficient." **Commonwealth v. Garland**, 63 A.3d 339, 344 (Pa. Super. 2013). "Such specificity is of particular importance in cases where, as here, appellant was convicted of multiple crimes each of which contains numerous elements that the Commonwealth must prove beyond a reasonable doubt." **Commonwealth v. Gibbs**, 981 A.2d 274, 281 (Pa. Super. 2009); **see also Commonwealth v. Williams**, 959 A.2d 1252, 1257-1258 (Pa. Super. 2008) (sufficiency-of-the-evidence challenge raised in a Pa.R.A.P. 1925(b) statement, asserting that "[t]here was insufficient evidence to sustain the charges of Murder, Robbery, [violation of uniform firearms act ('VUFA')] no license, and VUFA on the streets" was inadequate to preserve appellant's insufficiency claim.).

Herein, Appellant's bald assertion in his Pa.R.A.P. 1925(b) statement is inadequate to preserve his sufficiency claim for review. Thus, Appellant's failure to file an adequately specific Pa.R.A.P. 1925(b) statement results in waiver of his issue.

Assuming *arguendo* that Appellant's claim was not waived on the above-referenced basis, we would find it waived for failure to develop his sufficiency claim on appeal.  In his brief, Appellant fails to develop any argument regarding the element or elements of the offense or offenses that the Commonwealth allegedly failed to establish.  Instead, Appellant simply and broadly, in one paragraph, asserts that there was no corroborating physical evidence of the assaults and that the testimony of the victims is not credible.  Appellant's Brief at 10-11.  "The failure to develop an adequate argument in an appellate brief may result in waiver of the claim under Pa.R.A.P. 2119."  ***Commonwealth v. Beshore***, 916 A.2d 1128, 1140 (Pa. Super. 2007) (internal citation, quotation marks, and brackets omitted).  "While this Court may overlook minor defects or omissions in an appellant's brief, we will not act as his or her appellate counsel."  ***Commonwealth v. Freeman***, 128 A.3d 1231, 1249 (Pa. Super. 2015).  Thus, Appellant's failure to develop a sufficient legal argument in support of his claim results in waiver of this issue.[4]

---

[4] Even if Appellant's sufficiency claim could survive the deficiencies we have identified, we note that Appellant would not be entitled to relief.  Appellant's argument that there was no physical evidence corroborating the victims' statements is of no merit.  There is no requirement that physical evidence exist in order to sustain a conviction.  This Court has long-recognized "that the uncorroborated testimony of a sexual assault victim, if believed by the trier of fact, is sufficient to convict a defendant, despite contrary evidence from defense witnesses."  ***Commonwealth v. Charlton***, 902 A.2d 554, 562 (Pa. Super. 2006).  Thus, the testimony of the witnesses would have been sufficient to convict Appellant.

Moreover, Appellant's argument challenging the victims' credibility goes to the weight of the evidence, not the sufficiency of the evidence. A sufficiency-of-the-evidence review does not include an assessment of the credibility of the testimony offered by the Commonwealth. **Commonwealth v. Wilson**, 825 A.2d 710, 713-714 (Pa. Super. 2003). Such a claim is more properly characterized as a weight-of-the-evidence challenge. **Id.** Therefore, we find the Appellant has blurred the concepts of weight and sufficiency of the evidence, and in fact, is raising a weight of the evidence claim.

While Appellant presented a weight-of-the-evidence claim in his post-sentence motion, he failed to present or develop that claim in his appellate brief. Because Appellant has not raised a weight-of-the-evidence challenge in his Pa.R.A.P. 1925(b) statement and has not developed an argument regarding the weight of the evidence on appeal, we find that Appellant has waived any such contention.[5] Thus, for the above-stated reasons, Appellant has waived his sufficiency of the evidence claim and is entitled to no relief.

Judgment of sentence affirmed.

Judgment Entered.

_____

---

[5] We further note that "[r]esolving contradictory testimony and questions of credibility are matters for the finder of fact." **Commonwealth v. Miller**, 172 A.3d 632, 642 (Pa. Super. 2017). "It is well-settled that we cannot substitute our judgment for that of the trier of fact." **Id.**

Joseph D. Seletyn, Esq.
Prothonotary


Date:   1/24/2019